(C.D. 2745)

Oxford International Corp. *v.* United States

United States Customs Court, Second Division

(Decided August 8, 1966)

*Allerton deC. Tompkins* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Ford, Judge: .The above-enumerated protests controvert the classification by the collector of customs of certain sirens as parts of bicycles in paragraph 371 of the Tariff Act of 1930, and the assessment of duty thereon at the rate of 30 per centum ad valorem.

Plaintiff herein contends that said merchandise should properly have been classified as machines, not specially provided for, in paragraph 372 of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and subjected to duty at the rate of 11½ per centum ad valorem.

These cases have been submitted for decision upon the following stipulation of fact:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed JM by Examiner James Manning on the invoices covered by the above-named protests, which were classified with duty at 30% ad valorem under Paragraph 371, Tariff Act of 1930, consist of hand operated sirens, the same in all material respects as the merchandise that was the subject of decision in the case of *Oxford International Corp.* v. *United States*, Abstract 69607, and therein held classifiable with duty at 11½% ad valorem under Paragraph 372 of the same Act as modified, T.D. 54108.

It is further stipulated and agreed that the record in the case of *Oxford International Corp* v. *United States*, Abstract 69607, be incorporated in the record in these cases, and that the protests be submitted on this stipulation.

Upon the agreed facts of record and following the cited authority, we hold that the items of merchandise marked and initialed as afore-

said should properly have been classified as machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930, as modified by the Sixth protocol, *supra*, and subjected to duty at the rate of 11½ per centum ad valorem. That claim in the protests is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will issue accordingly.